WILL WALKER v. STATE.

153 So. 911.
Opinion Filed April 6, 1934.

*George M. O'Kell,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—In this case a majority of the Court are of the opinion that where it was shown that certain postal savings certificates had been feloniously stolen from the owner and that defendant did thereafter unlawfully have, receive and aid in the concealment thereof, then and there well knowing that the same had been taken, stolen and carried away from the possession of the owner, that the defendant was properly convicted of the offense of receiving stolen property knowing the same to have been stolen (Section 7239, C. G. L., 5138, R. G. S.), although at the time the certificates were found in defendant's possession said certificates had been cancelled by the United States and were no longer of force and effect and were by reason thereof without value.

It is sufficient to make out a case of larceny that at the time the postal savings certificates were feloniously stolen, they were then the subject of larceny and larceny was committed in the stealing of the same. So the fact that pursuant to Federal law the certificates were subsequent to the theft cancelled and new or duplicate certificates issued in lieu thereof, did not destroy the status of the originally stolen certificates as stolen property, the wilful and knowing receiving and concealment of which would make out a case of unlawfully receiving stolen property knowing the same to have been stolen. The case of Hart v. State, 92 Fla. 809, 110 Sou. Rep. 253, text 255, is not in point on the proposition here involved because the postal savings certificates were evidence of a valuable contract in force with the United States at the time they were originally stolen.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J. concur.

BUFORD, J., dissents.

Buford, J. (dissenting).—Plaintiff in error was convicted under a second count in an information in which it was charged that he on the 7th day of January, 1933, in Dade County, Florida, did unlawfully have, receive and aid in the concealment of six certain certificates of deposit commonly known as Postal Savings Certificates of the total value of three hundred and seventy ($370.00) dollars. That the certificates had theretofore been stolen from one Henry Clowers and were the property of Henry Clowers and that the plaintiff in error at the time of so having, receiving and aiding in the concealment of such certificates then and there well knew that the same had been taken, stolen and carried away from the possession of Henry Clowers.

The certificates are described in the counts of the information with sufficient particularity.

It appears to us that there is only one question presented which we are required to discuss and that is the sufficiency of the evidence.

In Hart v. State, 92 Fla. 809, 110 Sou. 253, it was said:

"An 'order or certificate' is made by statute the subject of larceny but our reading of the statute leads us to the opinion that it must be in the nature of a 'valuable contract in force.' It would seem that if the alleged certificate was in fact a mere memorandum, however formally made, but nevertheless of no contractual value and of no binding force upon person or property, it would not be the subject of larceny as a 'certificate or order.' "

Now, in this case the evidence shows conclusively that the certificates described, at the time they were found in the possession of plaintiff in error, were of no value whatever. They were of no force and effect because the record shows that they had been cancelled immediately after having been

stolen and duplicate certificates had been issued to the lawful owner in lieu thereof.

The record shows that the certificates were stolen on the night of the 7th of January, 1933. Duplicate certificates were issued on January 28, 1933, and the original certificates were canceled. The plaintiff in error was arrested on March 20th, 1933, and the stolen certificates were found in his possession.

The information was in two counts. The first count charged the defendant with breaking and entering a building with intent to commit grand larceny, to-wit, the intent to steal, take and carry away the certificates described. The jury did not convict on this count and their failure to do so amounted to an acquittal on such count. Under these conditions, it was necessary for the State to prove that the articles or things which were alleged to be of value and the property of another were of value and constituted the subject of larceny at the time that the evidence shows them to have been had and concealed by the plaintiff in error. In this the State failed and the evidence was insufficient to constitute a basis for conviction under the second count of the information. I am, therefore, unable to concur in the majority opinion.